171 N.J. Super. 157 (1979)
408 A.2d 151
STATE OF NEW JERSEY, PLAINTIFF,
v.
MILTON GLASS, JR., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Essex County.
Decided October 18, 1979.
*158 Mr. Oscar Miller argued the cause for defendant.
Mr. Robert Codey, Assistant Prosecutor, argued the cause for the State. (Mr. Donald Coburn, Prosecutor of Essex County, attorney).
BAIME, J.S.C. (temporarily assigned).
The question presented in this case is one of first impression. At issue is whether an indictment charging a defendant with a crime based upon acts committed prior to the effective date of the Code of Criminal Justice must be dismissed if the offense alleged now constitutes a disorderly persons violation. More specifically, the question raised pertains to the viability of a prosecution where the act alleged in the indictment is no longer a crime under the Code of Criminal Justice.
Defendant was charged in an indictment with "maintaining premises resorted to by persons for unlawfully using, keeping, manufacturing, distributing or dispensing controlled dangerous substances," in violation of N.J.S.A. 24:21-35. That section provides that maintaining premises resorted to by persons for such unlawful purposes constitutes a common nuisance. The statute does not state that such conduct constitutes a crime. Nor does it designate a penalty to be imposed upon its violation. Nevertheless, N.J.S.A. 2A:130-3 states that "[a]ny person who maintains a nuisance ... is guilty of a misdemeanor." In State v. Blackman, 125 N.J. Super. 125 (1973), the Appellate Division held that the offense of maintaining premises resorted to by persons for unlawful purposes involving narcotic drugs *159 constituted a crime under N.J.S.A. 2A:130-3, punishable by a maximum penalty of three years imprisonment or a fine of $1,000 or both.[1] Consequently, the present indictment charges the defendant with a violation of N.J.S.A. 2A:130-3. The conduct alleged in the indictment thus constituted a crime prior to the enactment of the Code of Criminal Justice.
N.J.S.A. 2A:130-3 was repealed when the Code of Criminal Justice was enacted. N.J.S.A. 2C:1-1(c)(3) states that "the court shall" dismiss a prosecution if the crime charged in the indictment is no longer an offense under the provisions of the Code. (Emphasis supplied). It is clear that the provision is mandatory and requires dismissal of a prosecution when the offense for which defendant is charged is no longer one under the Code. The question, then, is whether the act which forms the subject matter of the indictment constitutes an offense under the Code.
N.J.S.A. 2C:1-14(k), as amended, defines an offense as "a crime, a disorderly persons offense or a petty disorderly persons offense." Hence, the word "offense," as utilized in N.J.S.A. 2C:1-1(c)(3), encompasses disorderly persons violations, petty disorderly persons violations and crimes. See, e.g., N.J.S.A. 2C:1-4, referring to classes of offenses as crimes, disorderly persons offenses and petty disorderly persons offenses. N.J.S.A. 2C:33-12(b) provides that a person who knowingly maintains any premises, place or resort where persons gather for the purpose of engaging in unlawful conduct is guilty of a disorderly persons offense. Thus, it is clear that the conduct which forms the subject matter of the indictment remains an offense under the Code. The offense, however, has been downgraded to a disorderly persons violation.
Under N.J.S.A. 2C:1-1 the Code may not be applied to offenses committed prior to its effective date. Thus, if defendant *160 is found guilty, or enters a guilty plea with respect to N.J.S.A. 2A:130-3, he will be convicted of a crime, more specifically, a misdemeanor. There is, however, no unfairness to defendant in continuing the present prosecution under N.J.S.A. 2A:130-3. N.J.S.A. 2C:1-1(c)(2) permits the court, with the consent of defendant, to impose sentence in accordance with the applicable Code provisions. Thus, the court has available to it the option of sentencing the defendant under the Code.[2]
In sum, I conclude that an indictment embracing acts committed prior to the effective date of the Code of Criminal Justice should not be dismissed merely because the Legislature has reclassified the offense charged as a disorderly persons violation rather than a crime. For this reason, N.J.S.A. 2C:1-1(c)(3) is inapplicable and the prosecution need not be dismissed.
NOTES
[1] Thus, the offense charged in the indictment does not fall within the Controlled Dangerous Substances Act which continues to be in effect. N.J.S.A. 2C:1-4(c).
[2] Even if the court were to sentence defendant to the penalty applicable to N.J.S.A. 2A:130-3, this would not violate any constitutional provision or any notion of fairness. A convicted defendant may be sentenced in accordance with the penalty in effect at the time he committed the crime, even though the penalty for that crime has subsequently been reduced. State v. Ford, 119 N.J. Super. 260, 263 (App.Div. 1972).