173 N.J. Super. 215 (1980)
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
EDWARD KENT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1980.
Decided July 1, 1980.[1]
*218 Before Judges SEIDMAN, MICHELS and DEVINE.
William C. Levine, Assistant Prosecutor, argued the cause for appellant (John B. Mariano, Camden County Prosecutor, attorney).
Carl D. Poplar argued the cause for respondent.
The opinion of the court was delivered by SEIDMAN, P.J.A.D.
We granted the State's motion for leave to appeal from an order dismissing four counts of an eight-count indictment and severing for separate trials three other counts.
Defendant, an attorney, was accused in three of the counts of violating N.J.S.A. 2A:96-6 in 1975, 1976 and 1977 by placing, offering to place or assisting to place a child for purpose of *219 adoption in each of those years without proper authority. In connection with these matters he was also charged in four counts with obstruction of justice, in violation of N.J.S.A. 2A:85-1. The remaining count, which charged defendant with giving false information to a law enforcement officer concerning a child placement, in violation of N.J.S.A. 2A:148-22.1, is not involved in this appeal.
The substance of defendant's argument in support of his severance motion is that since each of the alleged unlawful placements involved a different natural mother and different adopting parents and was "not temporally related and not related to any common scheme or plan," the cumulative effect of a joint trial would increase his chances of conviction and thus would be prejudicial to him. The State's position is that although each placement was a separate incident, the connecting link was a common source of information available to defendant and, in addition, the State intends to establish that defendant was engaged in an ongoing course of conduct of acting as an intermediary in the placement of children for adoption. In granting the severance motion (which included the related charges of obstruction of justice prior to their dismissal), the trial judge, while expressing concern over the time span of approximately a year and a half, was particularly motivated by "the fact that when a defendant is indicted and tried on a series of offenses, allegedly all of the same type, that it has to carry a cumulative force and weight prejudicial to the defendant."
R. 3:7-6 provides that two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged are of the same or similar character. R. 3:15-1 authorizes a joint trial of two or more indictments if the offenses could have been joined in a single indictment. However, where there is a substantial possibility of harm to the defendant if separate and unconnected offenses are tried together, a pretrial motion for severance should not be lightly regarded. State v. Baker, 49 N.J. 103 (1967), cert. den. *220 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967). But the trial judge's rationale in this case is of such breadth that it would bar in all cases the joinder of like offenses at a single trial and thus render the rule ineffective.
More must be demonstrated than the mere claim that prejudice will attach because of a joint trial. See State v. Reldan, 167 N.J. Super. 595, 598 (Law Div. 1979). Here, the argument advanced by defendant is that evidence of the commission of one of the unauthorized placements might induce the jury to find guilt of the others when the evidence as to the latter, if considered separately, might produce a different result. But the three alleged placements in this case appear to be more than merely offenses of a like or similar character. We find persuasive the State's response that a common thread binds them together, evidencing such a course of conduct on the part of defendant as to make evidence of the commission of one unauthorized placement relevant as to either or both of the others in order to establish motive, intent, or common scheme or plan. Evid.R. 55. In the circumstances, we do not believe that defendant would suffer any more prejudice in a joint trial than he would in separate trials where the evidence of the other alleged crimes would in all probability be admissible under Evid.R. 55. We are convinced that the trial judge mistakenly exercised his discretion in ordering separate trials for each of the alleged unauthorized placements. To that extent, the order under review is reversed.
We turn next to the dismissal of the four counts charging obstruction of justice. Accepting defendant's argument, the trial judge held that the nature of the common law crime of obstruction of justice, N.J.S.A. 2A:85-1, has been so changed in the New Jersey Code of Criminal Justice by N.J.S.A. 2C:29-1 that the crime is no longer an offense under the Code. Defendant advances in his brief the alternate argument that if it is determined that the obstruction of justice charges should proceed, prosecution of them should be as disorderly persons offenses. We disagree as to each concept.
*221 It should first be noted that, except as otherwise provided, the Code does not apply to offenses committed prior to its effective date, and disposition of such offenses is governed by prior law. N.J.S.A. 2C:1-1b. But if the offense committed is no longer an offense under the Code, the court should dismiss the prosecution. N.J.S.A. 2C:1-1c(3). The term "offense" means "a crime, a disorderly persons offense or a petty disorderly persons offense." N.J.S.A. 2C:1-14k.
In our view, the prosecution of an offense committed prior to the effective date of the Code is not barred where the forbidden conduct, previously constituting a crime, has been downgraded by the Code to a disorderly persons offense. See State v. Glass, 171 N.J. Super. 157 (Law Div. 1979). Nor may the accused now be prosecuted only on the downgraded charge. It is clear to us that the prosecution in such case should be for the offense charged in the indictment. If the penalty would be less for a comparable offense under the Code, the court is authorized upon a defendant's conviction, with his consent, to "impose sentence under the provisions of the Code applicable to the offense and the offender." N.J.S.A. 2C:1-1c(2).
We reject the trial judge's concept that the common law crime of obstruction of justice is not an offense under the Code. N.J.S.A. 2A:85-1 does not specifically refer to obstruction of justice. It broadly designates as misdemeanors "all other offenses of an indictable nature at common law, and not otherwise expressly provided for by statute." Under the common law, it was a misdemeanor to do any act which prevented, obstructed, impeded or hindered the due course of public justice. State v. Cassatly, 93 N.J. Super. 111, 118 (App.Div. 1966).
Defendant is accused in the second, third and fourth counts of "contriving and intending to obstruct, hinder and impede the due course of public justice" by unlawfully seeking to induce others, in connection with an investigation of the child placements, to "mislead said investigation and to not tell the persons conducting said investigation the true and complete *222 facts" concerning defendant's participation in or the circumstances of the placements. The seventh count charges defendant with "contriving and intending to obstruct, hinder and impede the due course of public justice" and "seek[ing] to mislead" the county prosecutor in his investigation of a placement by representing that he would "fully and truthfully disclose his participation," and, instead, sending a letter which allegedly did not "fully and truthfully" disclose his participation. These allegations, if true, would support an indictment and prosecution for the crime of obstructing justice. Cf. State v. Cassatly, supra.
The wide sweep of the common law crime of obstruction of justice has been significantly narrowed in the Code. The proscribed conduct, restricted in scope, is now classified as a disorderly persons offense. N.J.S.A. 2C:29-1 deals with obstructing the administration of law or other governmental function. Using language similar to that contained in the common law definition, see State v. Cassatly, supra, the Code states that a person commits a disorderly persons offense if he purposely "obstructs, impairs or perverts" the administration of law or other governmental function, but the section requires that the obstruction be "by means of intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act [emphasis supplied]." The indictment here, in the second, third and fourth counts, charges defendant with obstructing, impairing or perverting the administration of law. The obstructions alleged are that defendant induced persons involved in the placements to mislead the investigation and withhold "the true and complete facts." Such conduct, assuming it to be true, would constitute an obstruction of the administration of law "by means of any independently unlawful act." Such independently unlawful act is found in N.J.S.A. 2C:28-5a, which declares it to be an offense for a person, "believing that an official proceeding or investigation is pending or about to be instituted," knowingly to induce or cause a witness to testify or inform falsely, or to withhold any testimony. We are satisfied *223 that the obstruction of justice charged in the second, third and fourth counts remains an offense under the Code, although downgraded to a disorderly persons offense.
The alleged conduct which is the subject matter of the seventh count is that defendant himself sought to mislead the investigation by failing fully and truthfully to disclose his participation in the placement under investigation. This conduct clearly is not of the kind referred to in N.J.S.A. 2C:28-5a, and our attention has not been called to any other section of the Code that would be pertinent. It would appear, in any event, that the seventh count is superfluous since the sixth count, which was not stricken, and charges a violation of N.J.S.A. 2A:148-22.1, relates essentially the same facts.
Paragraph (1) of the order under review is reversed. Paragraph (2) of said order, except with respect to count 7, is also reversed, and counts two, three and four are reinstated. The remainder of the order is not encompassed within this appeal.
NOTES
[1] The untimely death of Judge Devine occurred while this appeal was under consideration by this part of the court. Counsel graciously consented to a determination of the appeal by the remaining members of the part.