185 N.J. Super. 226 (1982)
447 A.2d 1367
STATE OF NEW JERSEY, PLAINTIFF,
v.
VICTOR E. KATES, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Essex County.
Decided May 10, 1982.
*227 Michelle Adubato for defendant.
John Haggerty, Assistant Essex County Prosecutor, for the State (George Schneider, Prosecutor, attorney).
BAIME, J.S.C. (temporarily assigned).
The question presented in this case is of first impression. N.J.S.A. 2C:44-1 e provides that a person being sentenced for a crime other than one of the first or second degree is entitled to a presumptive noncustodial term if he "has not been previously convicted of an offense." At issue is whether the presumption against incarceration is applicable where defendant's prior record consists solely of a conviction for a disorderly persons violation.
The facts are not disputed. Defendant entered a retraxit plea of guilty to an indictment charging him with possession of cocaine. The record reveals that defendant's only other brush with the law pertained to a disorderly persons conviction. Recently the Appellate Division held that first offenders under the Controlled Dangerous Substances Act (N.J.S.A., Title 24) are to be accorded the presumption against incarceration set forth in N.J.S.A. 2C:44-1 e. See State v. Sobel, 183 N.J. Super. 473 (App.Div. 1982). Defendant thus contends that the presumption is applicable because he has not been previously convicted of a crime. In essence, it is argued that a disorderly persons conviction does not constitute an "offense" as that term is employed in N.J.S.A. 2C:44-1 e.
I disagree. In a somewhat related context, our courts have construed the term "offense" as encompassing disorderly persons violations, petty disorderly persons convictions and crimes. See, e.g., State v. Mraovitch, 176 N.J. Super. 141, 145 (App.Div. 1980); State v. Kent, 173 N.J. Super. 215, 221 (App.Div. 1980); State v. Glass, 171 N.J. Super. 157, 159 (Law Div. 1979). Although a sharp distinction has been drawn between crimes and *228 disorderly persons convictions for other purposes, see, e.g., State v. Rowe, 57 N.J. 293, 302 (1970); State v. Pacheco, 38 N.J. 120, 128 (1962); State v. Rios, 155 N.J. Super. 11, 14 (Law Div. 1977), the definitional sections of the Code of Criminal Justice militate strongly against the construction advanced by defendant. See, e.g., N.J.S.A. 2C:1-4; N.J.S.A. 2C:1-14 k. Significantly, the definition of "offense" set forth in N.J.S.A. 2C:1-14 k embraces "a crime, a disorderly persons offense and a petty disorderly persons offense." In a similar vein, N.J.S.A. 2C:1-4 describes various degrees and types of offenses, and includes disorderly persons and petty disorderly persons violations. The legislative intent is thus manifest to preclude application of the presumption against incarceration with respect to those convicted of disorderly persons offenses.
So too, consideration of a prior disorderly persons conviction contributes toward the composite picture of the "whole man" that a trial court should necessarily have to rationally sentence a defendant. State v. Savko, 71 N.J. 8, 13 (1976); State v. Green, 62 N.J. 547, 566 (1972); State v. Bausch, 171 N.J. Super. 314, 321 (App.Div. 1979) aff'd 83 N.J. 425 (1979). Our Supreme Court has noted that "neither the defendant nor his offense should be fictionalized for the purpose of sentence." State v. Marzoff, 79 N.J. 167, 180 (1979). Defendant's entire background, "not censored versions of his personal history or selected facets of his character," is significant in fashioning an appropriate sentence. Id. Cf. State v. Humphreys, 84 N.J. 4 (1982).
In sum, I can discern no intent on the part of the Legislature to depart from these well settled principles. I, thus, conclude that defendant's prior disorderly persons conviction bars application of the presumption against incarceration set forth in N.J.S.A. 2C:44-1 e.