Lazarus C. FINNEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Aug. 6, 1982.

Discretionary Review Denied Oct. 5, 1982.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender Louisville, for appellant; Daniel T. Goyette, Chief Deputy Public Defender, Jefferson District Public Defender Louisville, of counsel.

Steven L. Beshear, Atty. Gen., John H. Gray, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, GANT and GUDGEL, JJ.

WHITE, Judge.

This appeal arises from a Jefferson Circuit Court conviction upon a charge of theft by unlawful taking over $100, enhanced by the status offense of persistent felony offender II. The relevant facts will be presented in discussion of the assigned errors.

■ Finney's first assignment is that the lower Court erred in not giving an instruction delineating his right not to have testified during the PFO proceeding. *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), rendered nearly five months prior to this action, held that when requested by the defendant, the trial Court is required to so instruct. RCr 9.54(3), effective subsequent to trial, incorporates this holding.

Appellant argues that it was mandatory upon the Court upon his request to have given the proffered instruction. It is urged that the omission cannot be held harmless because of potential inferences of guilt which could be drawn by the jury from his silence.

■ We would first note that this occurred during a PFO proceeding. We are not persuaded that the mandate of *Carter* and RCr 9.54(3) is to be extended to an enhancement proceeding, a circumstance occasioned not by a substantive offense but rather by status as a persistent felony offender.

■ Furthermore, once the requisite evidence of prior conviction, age at time, completed service of sentence, etc. had been presented, the PFO–II conviction became a virtual fait accompli. It is extremely difficult for this Court to conceive how in any manner appellant Finney could have been substantially prejudiced through any inferences which possibly could have been drawn from his silence.

■ Next Mr. Finney suggests that the theft instruction referring to complicity under which he was convicted was prejudicial in that it allegedly allowed him to be convicted by alternate means which were not supported by the evidence. The definition of "complicity" offered to the jury was:

Complicity means that a person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he solicits, commands, or engages in a conspiracy with such other person to commit the offense; or aids, counsels, or attempts to aid such person in planning or committing the offense.

It is purported that inasmuch as the evidence could have supported only a finding that he aided in the commission of the theft, the definition *supra* submitted to the jury was prejudicially overbroad.

The operative fact was that the jury believed that Mr. Finney took over $100. The complicity definition merely presented to the jury a variety of duplicitous ways by which he may have done it. Each possibility, however, is not to be viewed as a separate or alternative theory. "Complicity" was definitional, not substantive. The evidence supported the jury's finding that he took over $100; his manner of operation was essentially irrelevant.

■ It is next argued that the Court erred in failing to grant a continuance for his absence during the PFO portion of the trial. RCr 8.28(1) states:

The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of the sentence. The defendant's voluntary absence after the trial has been commenced in his presence shall not prevent proceeding with the trial up to and including the verdict. The defendant may be permitted to remain on bail during the trial.

Appellant acknowledges that he was present during the opening statements of counsel and at sentencing; nevertheless, he argues that the Court abused its discretion in denying a continuance because it was not shown that his absence was voluntary. Under the facts the overwhelming inference is that his absence was voluntary: he clearly knew that the hearing was being conduct-

ed; he had prior knowledge of our system of justice; and he offered nothing on his own behalf either at the time or now to suggest that his absence was anything but a personal choice.

We strongly agree with the reasoning of *McKinney v. Commonwealth*, Ky. 474 S.W.2d 384, 387 (1971), in which it was said on this point that "it is proper to tailor the requirements as to proof to the realities of the situation." To do otherwise would be to allow defendants to orchestrate the progress of their trials at their own convenience.

Appellant's final assertion is that his arrest was unconstitutional under Section 10 of the Kentucky Constitution and the Fourth Amendment of our federal Constitution. It is argued that the police lacked probable cause to stop the vehicle in which he was riding and that, accordingly, there was not cause for his arrest.

■ Somewhere between 3:30 and 4:00 a. m. the Louisville police received word of an apparent theft of a truck in progress; a yellow Nova was to have been involved. Almost immediately after obtaining this information, police officers spotted a yellow Nova within a very short distance of the site of the alleged theft. It is beyond any reasonable challenge that the officers had probable cause to stop that vehicle.

Prior to trial a suppression hearing was held upon certain items of evidence in the vehicle. Although the lower Court held that the police improperly searched the car's trunk, seizing a toolbox therefrom, it also held that there had been probable cause to halt the Nova. The arrest issue was not presented in Circuit Court. Accordingly, not only is appellant attempting to press an issue for the first time upon appeal but also he has chosen a totally groundless assertion upon which to base it.

For all the aforementioned reasoning, the judgment of the Jefferson Circuit Court is affirmed.

All concur.