Earl **HIBBARD**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Supreme Court of Kentucky.

Dec. 22, 1983.

Jack E. Farley, Public Advocate, William M. Radigan, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of first degree burglary and sentenced as a second degree persistent felony offender to 20 years and 1 day. On this appeal, he assigns five errors, three of which are without merit. The remaining two grounds pertain to the persistent felony phase of the trial.

At the PFO hearing, the Commonwealth clearly proved every element of its case and appellant offered no countering evidence and, in fact, did not take the stand. He requested the court to give an instruction under RCr 9.54(3) that he was not compelled to testify and that no inference of guilt should be drawn from his election not to do so. The court refused to give such an instruction. The appellant had testified during the guilt phase of the trial.

We are cognizant of the case of *Finney v. Commonwealth*, Ky.App., 638 S.W.2d 709 (1982), and agree with the language therein, in which the court stated:

> Furthermore, once the requisite evidence of prior conviction, age at time, completed service of sentence, etc., had been presented, the PFO–II conviction became a virtual fait accompli. It is extremely difficult for this Court to conceive how in any manner appellant ... could have been substantially prejudiced through any inference which possibly could have been drawn from his silence.

However, even though this was a mere enhancement proceeding and not a trial of a substantive offense, the jury is required to determine the guilt of the person charged as a persistent felony offender by an indictment. Thus, it is our opinion that RCr 9.54(3) does apply to the persistent felony phase of the trial and that the trial court, upon request, shall give the "no inference" instruction required thereby. To this extent, we specifically overrule *Finney v. Commonwealth, supra.*

The second error relating to the PFO portion of the trial was that there was testimony regarding the facts attendant to a previous felony conviction upon which the charge was based. This is in direct contravention of *Berning v. Commonwealth*, Ky., 550 S.W.2d 561 (1977), *Hardin v. Commonwealth*, Ky., 573 S.W.2d 657 (1978), and numerous other cases in this jurisdiction. The Commonwealth concedes error.

The conviction of appellant for first degree burglary is affirmed. The conviction as a second degree persistent felon is reversed, and this case is remanded for a new trial on that charge, with direction that should appellant herein request an instruction under RCr 9.54(3) it shall be given.

All concur except STEPHENS, C.J., and WINTERSHEIMER, J., who dissent.

WINTERSHEIMER, J., files a dissenting opinion in which STEPHENS, C.J., joins.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I do not believe it was reversible error when the trial judge refused to give the tendered instructions relative to the no inference to be drawn from the defendant's failure to testify at his persistent felony offender trial. As recently as October of 1982, this Court denied discretionary review of the case of *Finney v. Commonwealth,* Ky.App., 638 S.W.2d 709 (1982), in which the Court of Appeals held that there was no requirement to give a no inference of guilt instruction in a PFO trial because the defendant is not being tried on a substantive offense, but rather on a charge fixing his status as a persistent felony offender.

If we are to adopt the rule urged by the majority, then we should face the impact of *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), and *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), on the Kentucky practice.

Here the majority continues to refer to the PFO proceeding as a status situation, although *Bullington, supra,* indicates that an enhancement hearing, when the prosecution is required to prove additional facts to justify a particular sentence, is the same as the preceding guilt-phase of the trial. I see no reason to depart from the decision enunciated in *Finney.* There was no prejudice to the defendant.

STEPHENS, C.J., joins in this dissent.