Lazarus C. FINNEY,
Plaintiff-Appellant,

v.

Harry J. ROTHGERBER, Jr., Kentucky
Parole Board, George Wilson,
Defendants-Appellees.

No. 84–5157.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 5, 1984.

Decided Jan. 8, 1985.

Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville, Ky., for plaintiff-appellant.

David L. Armstrong, Atty. Gen. of Ky., Penny R. Warren, Asst. Atty. Gen., David W. Mossbrook, argued, Frankfort, Ky., for defendants-appellees.

Before LIVELY, Chief Judge, KRUPANSKY, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

LIVELY, Chief Judge.

Two issues are presented in this habeas corpus appeal. The first is whether the state trial court violated a criminal defendant's constitutional right to be present at every stage of the proceedings by denying a motion to postpone the conclusion of the trial when the defendant failed to return to the courtroom following a luncheon recess. If the first issue is not dispositive, the second is whether the trial court violated the defendant's Fifth Amendment right to be free of compulsory self-incrimination by declining to give a requested instruction in the persistent felony offender phase of a bifurcated trial to the effect that the jury could draw no adverse inferences from the defendant's failure to testify.

## I.

### A.

The petitioner, Finney, was charged by a Kentucky grand jury with theft by unlawful taking of property with a value in excess of $100, a "class D felony," and with being a persistent felony offender. The penalty upon conviction of a class D felony is an indeterminate sentence of one to five years imprisonment. KRS 532.060. The procedure to be followed when a person is charged as a persistent felony offender is set forth in KRS 532.080(1):

(1) When a defendant is found to be a persistent felony offender, the jury, in lieu of the sentence of imprisonment assessed under KRS 532.060 for the crime of which such person presently stands convicted, shall fix a sentence of imprisonment as authorized by subsection (4) of

this section. When a defendant is charged with being a persistent felony offender, the determination of whether or not he is such an offender and the punishment to be imposed pursuant to subsection (4) of this section shall be determined in a separate proceeding from that proceeding which resulted in his last conviction. Such proceeding shall be conducted before the court sitting with the jury that found the defendant guilty of his most recent offense unless the court for good cause discharges that jury and impanels a new jury for that purpose.

Finney's trial began on July 28, 1981. Finney was present throughout his trial for theft and testified in his own defense. He was represented by counsel. On the morning of July 29th the jury found Finney guilty of theft by unlawful taking and fixed his punishment at imprisonment for one year, the minimum provided for that offense. The trial judge then commenced the second phase of the trial, with the prosecuting attorney and defense counsel making opening statements. Finney was present and seated beside his counsel during opening statements. In order to avoid an interruption in the presentation of evidence, the trial judge announced an early luncheon recess and instructed the jury to return at 12:45 to continue the trial. Finney was free on bail and left the courtroom following the recess.

### B.

When court reconvened at 12:45 Finney had not returned. The trial judge waited approximately 40 minutes and then made the following statement on the record:

THE COURT: The record will reflect that the jury reconvened at the time set by the Court, which is 12:45 P.M.; that the defendant, Lazarus Finney, who was also advised of the time to return, did not return at that time and the jury and the Court awaited his reappearance until twenty-two minutes after one o'clock, whereupon the Court announced that it

would continue with the trial of the case in the absence of the defendant, Mr. Finney, who has apparently been delayed or has chosen not to re-appear.

Counsel for Finney objected on state procedural grounds to continuing the trial, but the objection was overruled.

The prosecution then presented evidence which met the requirements for finding Finney to be a persistent felony offender in the second degree as set forth in KRS 532.080(2).[1]

(2) A persistent felony offender is a person who is more than twenty-one years of age and who stands convicted of a felony after having previously been convicted of two or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

(a) That a sentence to a term of imprisonment of one year or more or a sentence to death was imposed therefor; and

(b) That the offender was over the age of eighteen years at the time the offense was committed; and

(c) That the defendant was imprisoned under sentence for such conviction prior to commission of the present felony.

Finney did not reappear and defense counsel offered no proof. However, he argued to the jury that Finney was not the "revolving door" type criminal at which the persistent felony offender statute was aimed since nearly ten years had passed since his two prior felony convictions and his record had been clean until his recent arrest.

Defense counsel requested the court to include the following instruction in his jury charge:

The defendant is not compelled to testify and the fact that he does not, cannot be used as an inference of guilt and should not prejudice him in any way.

The court refused to give this instruction, but did instruct on the presumption of innocence. The jury then returned a verdict

finding Finney guilty of being a persistent felony offender in the second degree and enhanced his punishment for the theft charge to ten years imprisonment. This was the maximum enhancement permitted.

### C.

The trial court noted the verdict, but postponed formal imposition of sentence, making the following statement on the record:

The defendant elected or in some fashion failed to return to the court after having been found guilty of the primary charge of Theft by Unlawful Taking.

Finney appeared before the court for sentencing on August 27, 1981 and the court entered final judgment on that date. The judgment stated, *inter alia:*

On this 27th day of August 1981, the defendant, LAZARUS C. FINNEY, appeared in open Court with his attorney, MICHAEL MORRIS, and the Court inquired of the defendant and his counsel whether they had any legal cause to show why judgment should not be pronounced, and afforded the defendant and his counsel an opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment.

\* \* \* \* \* \*

No sufficient cause having been shown why judgment should not be pronounced, sentence was imposed by the Court upon the defendant and it is therefore ORDERED AND ADJUDGED BY THE COURT that the defendant is guilty of the crimes of Theft by Unlawful Taking Over $100.00 and Persistent Felony Offender—II and his sentence is hereby fixed at one (1) year for Theft By Unlawful Taking Over $100.00, such sentence enhanced to ten (10) years by reason of the Persistent Felony Offender—II change for a maximum term of (10) years at hard labor in the State Penitentiary; and ...

(Underlining in original).

1. Subsequently amended by 1982 Ky.Acts 241.

## II.

### A.

Finney appealed to the Court of Appeals of Kentucky which affirmed with a published opinion. *Finney v. Commonwealth*, 638 S.W.2d 709 (Ky.App.1982). Finney argued in the court of appeals that there had been no "clear and unequivocal" waiver of his right to be present during the enhancement phase of his trial, and that continuing with the trial in his absence violated his constitutional right to be present as well as rights derived from Kentucky sources. He also asserted that the trial court's refusal to give a "no adverse inference" instruction violated his Fifth and Fourteenth Amendment right against compulsory self-incrimination as defined by the Supreme Court of the United States in *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

In affirming Finney's conviction and sentence the Court of Appeals wrote:

> Appellant acknowledges that he was present during the opening statements of counsel and at sentencing; nevertheless, he argues that the Court abused its discretion in denying a continuance because it was not shown that his absence was voluntary. Under the facts the overwhelming inference is that his absence was voluntary: he clearly knew that the hearing was being conducted; he had prior knowledge of our system of justice; and he offered nothing on his own behalf either at the time or now to suggest that his absence was anything but a personal choice.

638 S.W.2d 710–11. The court also concluded that the *Carter v. Kentucky* requirement that a no adverse inference instruction be given if requested by the defendant at trial on a substantive charge was not to be extended to an enhancement proceeding. The court reasoned that when the statutorily required evidence had been presented, the persistent felony offender conviction "became a virtual fait accompli." *Id.* at 710. Under these circumstances the court felt that Finney was not substantially

prejudiced by reason of any inference drawn from his silence.

### B.

The Supreme Court of Kentucky denied discretionary review of the court of appeals decision in an unpublished order and the Supreme Court of the United States denied certiorari. *Finney v. Kentucky*, 459 U.S. 1176, 103 S.Ct. 826, 74 L.Ed.2d 1022 (1983). Finney then commenced this habeas corpus action in the United States District Court for the Western District of Kentucky. After the case had been fully briefed, the district court determined that there were no factual issues which required an evidentiary hearing, and granted summary judgment in favor of the respondents.

In rejecting Finney's claim of a constitutional violation in the state trial court's resumption and conclusion of the persistent felony offender trial in his absence the district court noted that Finney had never shown any reason for his failure to reappear for the resumption of his trial and that he had no right as a defendant in a criminal case, "whenever he pleases, to withdraw himself from the court and break up a trial already commenced." The district court also held that, though "greatly preferable," it was not mandatory that a court give a no adverse inference instruction in the persistent felony offender portion of a bifurcated trial. Applying reasoning similar to that of the Kentucky Court of Appeals, Chief Judge Allen concluded that the public records which supply the status information required for enhancement under the persistent felony offender statute "almost always are irrefutable, and are not analogous to the type of evidence which is presented in the ordinary substantive offense criminal trial."

## III.

### A.

 It is firmly established that a defendant charged with a felony has a constitutional right to be present at every stage of his trial. *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

Whether this right flows from the Sixth Amendment right of confrontation or the Fifth Amendment guarantee of due process is immaterial. In either case the right exists in state felony trials by virtue of the Fourteenth Amendment. Though of constitutional origin, the right to be present may be waived. As the Court stated in *Diaz*, "if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." 223 U.S. at 455, 32 S.Ct. at 253 (citations omitted). Our task is to determine whether Finney voluntarily waived his right to be present for the remainder of the enhancement trial.

As we have noted the Court of Appeals of Kentucky found an "overwhelming inference" that Finney's absence was voluntary "under the facts." The facts recited by the trial court in its orders and by the court of appeals in its decision are presumed correct. 28 U.S.C. § 2254(d) (1982); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Whether Finney's absence constituted a voluntary and knowing waiver is a mixed question which is not subject to the presumption cited above. The Supreme Court stated the controlling rule in *Taylor v. United States*, 414 U.S. 17, 19–20 n. 3, 94 S.Ct. 194, 195–96 n. 3, 38 L.Ed.2d 174 (1973) (per curiam), quoting *Cureton v. United States*, 396 F.2d 671 at 676 (1968):

> [I]f a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away. (Citation omitted).

█ We believe the test of *Taylor* was satisfied in this case. Finney was clearly aware of the processes taking place. He had attended and testified at the primary phase of his trial. He was present when the enhancement phase began and heard the opening statements. He knew of his right and obligation to attend and heard the judge instruct the jury on the time to return. Finally, there was never any explanation for his failure to return to court, or any claim that his absence was involuntary, either in the state proceedings or in this action. It is clear that the trial court gave Finney an opportunity to explain before imposing sentence and no explanation was given. We view the circumstances in the present case as the Supreme Court and the Court of Appeals viewed the facts in *Taylor*:

> It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see *Stack v. Boyle*, 342 U.S. 1, 4–5, 72 S.Ct. 1, 3, 96 L.Ed. 1 (1951), entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, "that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence." 478 F.2d, at 691. Here the Court of Appeals noted that when petitioner was questioned at sentencing regarding his flight, he never contended that he was unaware that a consequence of his flight would be a continuation of the trial without him. Moreover, no issue of the voluntariness of his disappearance was ever raised.

414 U.S. at 20, 94 S.Ct. at 196.

## B.

The record fully supports the conclusion of the state court of appeals and the district court that Finney knowingly and voluntarily waived the right to be present for the remainder of his trial. Nevertheless, if the trial court had conducted an inquiry and made a definitive finding on the record before proceeding with the trial, the issue might have been foreclosed and further

litigation avoided. This brief proceeding could have consisted of a statement on the record at that time which indicated the defendant's earlier presence and his knowledge that he was required to return for the remainder of the trial. The court next could have offered defense counsel an opportunity to explain his client's absence. If no satisfactory explanation was made, the court could have made a specific determination on the record that the defendant had voluntarily and knowingly waived his right to be present.

We do not fault the trial court for failing to follow this procedure in the present case, however. Defense counsel never raised the voluntariness issue before the trial judge. Instead, he argued that the persistent felony offender stage of the trial had not begun before the lunch recess because the first witness had not been sworn. This argument was based on a Kentucky procedural rule. When this contention was overruled, defense counsel offered no other reason for not proceeding. Under these circumstances it was sufficient for the trial judge to rely on the known facts of Finney's presence and knowledge of the ongoing trial and the absence of any explanation for his failure to return to court.

## IV.

### A.

In *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), the Supreme Court held that a defendant in a state criminal trial has the right, upon request, to a jury instruction that his failure to testify may not be the basis of an inference of guilt and should not prejudice him in any way. The Court had earlier held that a federal statute required that a no adverse inference instruction be given upon request of a criminal defendant. *Bruno v. United States*, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939). Following *Carter*, in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), the Court held a defendant is entitled to the Fifth Amendment protection against self-incrimination in the punishment phase of a bifurcated

trial of a capital case, declaring, "We can discern no basis to distinguish between the guilt and penalty phase of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned." *Id.* at 462–63, 101 S.Ct. at 1872–73 (footnote omitted).

The Supreme Court has not held directly that a no adverse inference instruction is required in the enhancement phase of a bifurcated persistent felony offender proceeding. It can be argued that *Estelle v. Smith* should be applied only to the punishment phase of capital cases, in view of the emphasis the Court placed on that feature of the case: "Given the gravity of the decision to be made at the penalty phase, the State is not relieved of the obligation to observe fundamental constitutional guarantees." 451 U.S. at 463, 101 S.Ct. at 1873 (citations omitted). We do not believe this emphasis is significant. In many respects the enhancement phase of a persistent felony offender proceeding is a new and separate trial. Through the same jury sits in both phases, the attorneys have the right to make opening statements, each side has the right to present evidence, including testimony of the defendant if he chooses to testify, the attorneys have the right to make closing arguments and the court instructs the jury separately on the law applicable to the persistent felony charge.

We believe the defendant is entitled, just as in the primary phase, to have the jury charged upon submission of the enhancement issue that no inference of guilt may be drawn from his failure to testify. Much is at stake in these proceedings, as Finney's case demonstrates. At the conclusion of the first phase of the trial he was faced with one year in prison; in the persistent felony offender phase this punishment was increased tenfold. We conclude that the due process clause requires a trial court, if requested, to instruct the jury during the enhancement portion of a bifurcated trial of one charged as a persistent felony offender that no adverse inference may be drawn from the defendant's failure

to testify. This requirement applies regardless of whether the defendant has testified during the trial of the underlying substantive offense. Thus we hold that a defendant charged as a persistent felony offender has a due process right to have the jury so charged, if requested.[2]

### B.

The foregoing conclusions do not complete our task in this case. We must decide whether the error in declining to give the requested instruction was harmless. The Supreme Court did not reach the issue of harmless error in *Carter v. Kentucky* because it had not been presented to or considered by the Supreme Court of Kentucky. 450 U.S. at 304, 101 S.Ct. at 1121. The issue has been preserved for review in this habeas proceeding.

Justice Black wrote for the Court in *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967), "We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." The Court then stated the test of harmless constitutional error as follows:

> [B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.

*Id.* at 24, 87 S.Ct. at 828. In a recent case the Supreme Court reaffirmed the harmless error rule, stating that it is the duty of courts to ignore errors that are harmless, "including most constitutional violations." *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983) (citations omitted).

■ This appears to be a case for application of the harmless error rule. The jury was instructed that it would find the defendant guilty if it believed from the evidence beyond a reasonable doubt that all of the statutory requirements for guilt as a persistent felony offender in the second degree had been proven. These elements were then listed. Defense counsel did not object to this portion of the jury charge. The prosecution then introduced undisputed[3] evidence that each of the statutory requirements was met in Finney's case. The jury had been lenient with Finney in the theft case, giving him the minimum sentence. Common sense dictates the conclusion that disclosure of his prior criminal record brought on the severe enhancement of his earlier sentence. These trials are bifurcated for the very purpose of presenting the primary charge to the jury without any possibility that the decision on innocence or guilt will be tainted by knowledge of the defendant's prior record. However, once that determination has been made in a sanitized proceeding, the purpose of the habitual criminal statutes can be served only by revealing the defendant's past criminal convictions.

If the defendant had returned for the remainder of the trial he might have elicited the jury's favorable consideration by his presence. However, he chose not to return under conditions which constituted a voluntary waiver of his right to be present. The

---

**2.** It is interesting to note that the Supreme Court of Kentucky has now overruled the decision of the court of appeals in *Finney v. Commonwealth* to the extent of its holding that a court is not required to give a no adverse inference instruction during the enhancement phase of a persistent felony offender trial. This decision rested on a provision of Kentucky criminal rules rather than the Constitution of the United States. *Hibbard v. Commonwealth*, 661 S.W.2d 473 (Ky. 1983).

**3.** Defense counsel argues that the fact of undisputed evidence should not be weighed when the

issue is failure to give a no adverse inference instruction. This might be true where the defendant is the only person who could contradict or dispute the prosecution's evidence. However, in this case all the evidence in the persistent felony offender trial was documentary. If any of this information was incorrect, it could have been challenged by other documents or by cross-examining the custodians of the documents introduced, or even by testimony of family or friends. Finney's testimony was not required to create a conflict in the evidence.

jury had two questions to decide in the second phase of this bifurcated trial—whether Finney was guilty of being a persistent felony offender and, if so, the proper enhancement of his theft sentence. The overwhelming evidence of guilt as a persistent felony offender makes failure to give the requested instruction harmless beyond a reasonable doubt as to that issue. It is a closer case whether the instruction might have resulted in less enhancement. Nevertheless, we are convinced beyond a reasonable doubt under the facts of this case that it was the revelation of Finney's past criminal record together with his total absence, rather than his failure to testify, which caused the jury to impose the maximum enhancement sentence.

The judgment of the district court is affirmed.