972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda EVANS, Petitioner-Appellant,
v.
Dorothy ARN, Respondent-Appellee.
 No. 91-3507.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Linda Evans is an Ohio prisoner who appeals a district court judgment dismissing her habeas corpus petition filed under 28 U.S.C. § 2254. Her appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Evans was convicted by a jury of aggravated robbery and felonious assault. She raised six claims in her petition: 1) that her conviction resulted from an illegal search and that the Ohio Court of Appeals improperly ruled that she lacked standing to object to the search; 2) that she was not present during part of her trial; 3) that the trial court improperly allowed hearsay evidence; 4) that the court responded to a jury inquiry when neither she nor her counsel was present; 5) that the jury should have been instructed on lesser included offenses; and 6) that there was insufficient evidence to support her conviction. Evans has exhausted her state remedies by raising each of these claims on direct appeal. On April 30, 1991, the district court adopted a magistrate judge's recommendation and denied the petition. It is from this judgment that Evans now appeals. She also moves for appointment of counsel on appeal.
 
 
 3
 As to the first claim advanced in the habeas petition, the state trial court found that exigent circumstances justified the search which led to Evans' conviction. The Ohio Court of Appeals did not reach the merits of this ruling because it found that Evans lacked standing to object to the search. Evans now argues that the state appellate court's sua sponte ruling on standing violated due process and precluded effective review of her Fourth Amendment claim.
 
 
 4
 The district court properly denied the due process claim because the authority of the Ohio Court of Appeals to raise the issue of standing on its own initiative is wholly a matter of state law which is not cognizable in a federal habeas corpus proceeding. See Combs v. Tennessee, 530 F.2d 695, 698 (6th Cir.), cert. denied, 425 U.S. 954 (1976).
 
 
 5
 With regard to the argument on preclusion of effective review, we note that the federal courts may not grant habeas corpus relief on a Fourth Amendment claim if the state has provided an opportunity for a full and fair litigation of the claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Evans unquestionably had an opportunity for full and fair litigation of her Fourth Amendment claim in the state trial court. She lost her opportunity to obtain appellate review of the merits of the trial court's disposition of the claim because she failed to sustain her burden of establishing that she had a legitimate expectation of privacy in the area that was searched. (The search was conducted in an apartment leased not by Evans, but by one Claudette Harris.) That the burden rested on Evans was well established at the time of her trial, see United States v. Salvucci, 448 U.S. 83 (1980), so it was not unreasonable to require Evans to anticipate the need to prove standing. Under these circumstances, we cannot say that the state appellate court "frustrated" Evans' opportunity to litigate her Fourth Amendment claim by declining to give Evans a second opportunity to show a legitimate expectation of privacy. See Riley v. Gray, 574 F.2d 522, 527 (6th Cir.1982).
 
 
 6
 The remaining claims advanced in the habeas petition need little discussion. Evans' absence at her trial is not purely a question of state law, but the record shows that her absence was voluntary and that she waived her right to be present during portions of her trial. See Finney v. Rothgerber, 751 F.2d 858, 861-62 (6th Cir.), cert. denied, 471 U.S. 1020 (1985). Evans' objections to the trial court's instructions and the admission of hearsay testimony are primarily issues of state law which are not subject to federal habeas corpus review. In addition, the trial court's response to the jury inquiry was harmless error. Finally, the victim's testimony provided sufficient evidence to support Evans' convictions. In particular, a reasonable juror could have found that Evans caused or attempted to cause serious physical injury to the victim.
 
 
 7
 Evans' counsel motion is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.