UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GEORGE P. SMITH,

*Defendant-Appellant.*

No. 01-4762

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-343)

Submitted: June 17, 2002

Decided: July 17, 2002

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

S. Neil Stout, FLAX & STOUT, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George P. Smith appeals his 384-month sentence for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 846 (West 2001); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (West 1999), and aiding and abetting in violation of 18 U.S.C. § 2 (1994); possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Smith was tried before a jury and convicted on all counts.

On appeal, Smith argues that the court's failure to instruct the jury not to draw an adverse inference based on his decision not to testify on his own behalf denied him his Fifth Amendment protection against self-incrimination as defined in *Carter v. Kentucky*, 450 U.S. 288 (1981).

Failure to give a "no adverse inference" instruction to the jury is subject to harmless error analysis. *United States v. Burgess*, 175 F.3d 1261, 1266 (11th Cir. 1999); *Hunter v. Clark*, 934 F.2d 856, 860-61 (7th Cir. 1991); *Finney v. Rothgerber*, 751 F.2d 858, 864 (6th Cir. 1985); *Richardson v. Lucas*, 741 F.2d 753, 756 (5th Cir. 1984). However, when the defendant fails to timely object to the jury instructions, we review for plain error. *United States v. Brand*, 80 F.3d 560, 567 (1st Cir. 1996); *United States v. Ramirez*, 810 F.2d 1338, 1344 (5th Cir. 1987). In order to overturn Smith's conviction, this court must find plain error that affects substantial rights and seriously affects the fairness, integrity or public reputation of the judicial proceeding. Fed. R. Crim. P. 52(b). In order to satisfy this requirement, Smith has the burden of showing that the instruction prejudiced him. *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998).

Although the court plainly erred by failing to instruct the jury not to draw an adverse inference based on Smith's failure to testify, Smith has not shown that he was prejudiced by this error, as the Government

did not comment on his failure to testify and the evidence of Smith's guilt was overwhelming.

Accordingly, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*