Gary WATKINS, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2000–SC–1143–MR.

Supreme Court of Kentucky.

May 22, 2003.

John Palombi, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

Appellant, Gary Watkins, Jr., was convicted by a Hart Circuit Court jury of theft by unlawful taking over $300, second degree escape, and of being a persistent felony offender (PFO). He was sentenced to twenty years imprisonment. He appeals as a matter of right.[1]

On May 20, 2000, Appellant was an inmate in the Hart County jail, and he worked in the jail kitchen. On that day, Appellant stole a 1997 Dodge Ram truck belonging to deputy jailer Della Trulock.

Inside the truck were a 9mm gun and $400 cash. Eventually, Appellant and the truck were located at a hospital and a parking lot, respectively, in Baltimore, Maryland. More facts will be presented as necessary to analyze Appellant's four claims of error.

Appellant's first claim is that certain incriminating statements made after his capture should have been suppressed because he was not given a *Miranda* warning. It appears that after he was located in Maryland, Hart County Deputy Sheriff Gardner and another deputy traveled to pick up Appellant and bring him back to Kentucky. While they were waiting for an airplane, Appellant told the deputies that he had stolen the truck, and that if the battery had not died, he would have made it to Canada. Deputy Gardner testified at a preliminary hearing and before the grand jury that Appellant had admitted taking the truck.

On the morning of trial, the prosecutor handed defense counsel a copy of Deputy Gardner's notes on his conversation with Appellant during the return trip. This was the first time that defense counsel had seen the notes. Defense counsel subsequently moved to suppress any of Appellant's statements recorded in the notes, arguing that the admission of the statements would be a violation of the discovery rules and Appellant's constitutional rights.

The trial court held a suppression hearing and limited the admissibility of the notes' contents. With regard to the *Miranda* issue, the trial court found that Appellant had initiated the conversation with the deputies, and that the statements were made voluntarily. The trial court thus ruled that the statements were admissible. With regard to the discovery issue, however, the trial court restricted Deputy Gardner's testimony to the statement that

---

1. Ky. Const. § 110(2)(b).

Appellant admitted to taking the truck, which was the deputy's testimony at the preliminary hearing and in front of the grand jury. Deputy Gardner was not allowed to testify to any further details contained in the notes regarding Appellant's motive, etc.

The trial court's ruling was based upon Deputy Gardner's testimony at the suppression hearing. Appellant did not testify at the suppression hearing. At the close of the prosecution's case-in-chief, however, the trial court allowed defense counsel to supplement the record of the suppression hearing by having Appellant testify. At this time, Appellant stated that the deputies had told him that anything he told them would be "between them," and that if he told them why he escaped, they would tell him why the people at the jail were so anxious to have him captured and returned. It is not clear from the record why Appellant did not testify at the suppression hearing, but instead waited until after the prosecution presented its evidence against him.

■ *Miranda v. Arizona* [2] requires the express declaration of a defendant's rights prior to custodial interrogation.[3] A *Miranda* warning is not required when a suspect is merely taken into custody, but rather when a suspect in custody is subject to interrogation.[4] Here, it is not disputed that Appellant was in custody when he admitted he took the truck. The issue is whether Appellant was subject to custodial interrogation at that time or whether he made the statement voluntarily. Interro-

gation has been defined as "any words or actions on the part of police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect ... focus[ing] primarily on the perceptions of the suspect, rather than the intent of the police." [5]

The Kentucky rule governing suppression of confessions is RCr 9.78. Under this rule, the trial court shall conduct an evidentiary hearing and make factual findings, which shall be conclusive if supported by substantial evidence. In this case, the trial court's determination that Appellant's confession was voluntary was based upon substantial evidence, which was the testimony of Deputy Gardner presented at the suppression hearing. Appellant's belated attempt to contradict Deputy Gardner's testimony after both the suppression hearing has been held and the prosecution's case presented is inadequate to change the outcome of that ruling. Thus, reversal is not required.

■ Appellant's second claim is that he was improperly denied a 'no adverse inference of guilt' instruction during the penalty phase of trial. During the guilt phase of trial, Appellant did not testify, and the jury was instructed not to draw an adverse inference of guilt from his failure to testify. Appellant likewise did not testify in the penalty phase, and he requested a similar instruction, which the trial court denied, relying upon the belief that it was not required in the penalty phase.

In *Carter v. Kentucky*,[6] the United States Supreme Court held that a trial

**2.** 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** 384 U.S. at 479, 86 S.Ct. 1602.

**4.** *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Port v. Commonwealth,* Ky., 906 S.W.2d 327 (1995).

**5.** *Wells v. Commonwealth,* Ky., 892 S.W.2d 299, 302 (1995) (*quoting Rhode Island v. Innis,* 446 U.S. at 301, 100 S.Ct. 1682).

**6.** 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

judge must instruct the jury that a defendant has no obligation to testify and that no adverse inference can be drawn from his failure to do so if the defendant so requests. In Kentucky, RCr 9.54 also requires a 'no adverse inference of guilt' instruction if requested by the defendant.[7] We agree with Appellant that the trial court erred when it denied the requested instruction. During the second phase of Appellant's trial, the jury made three determinations. It first fixed a penalty for the underlying offenses. Then it made a finding that Appellant was guilty of the first degree PFO charge in the indictment. Finally, it fixed an enhanced penalty for each underlying offense because of Appellant's PFO status.

It was the second of these determinations that the jury was asked to make that triggered Appellant's right to an RCr 9.54(3) "no adverse inference" instruction. In *Hibbard v. Commonwealth*,[8] this Court observed that in PFO proceedings, "the jury is required to determine the guilt of the person charged as a persistent felony offender by an indictment."[9] Accordingly, the Court held that "RCr 9.54(3) does apply to the persistent felony offender phase of the trial and that the trial court, upon request, shall give the 'no adverse inference' instruction required thereby."[10] Thus, although a "no adverse inference" instruction is not required during the sec-

ond phase of a trial where the jury is asked only to fix the defendant's punishment,[11] the trial court erred when it failed to give the requested instruction during the combined PFO/Truth in Sentencing phase in this case. And, because of this error, we must reverse the jury's PFO determination and the enhanced sentences it fixed as a result of that finding.

■ Appellant next contends that he was denied his right to be present at all critical phases of the proceedings. In support of this contention, he points out that he is not shown in the videotape transcript of the directed verdict and guilt phase instruction conferences. This claim of error is not preserved, but will be reviewed under the palpable error standard of RCr 10.26.

■■ RCr 8.28(1) states that a defendant must be present at every critical stage of his trial.[12] This right is rooted in the confrontation clause of the Sixth Amendment to the United States Constitution as well as the due process clause when a defendant is not actually being confronted by witnesses or evidence against him.[13] The United States Supreme Court has explained that a defendant has a right to be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge ... [and it] is a condition of due

---

7. Specifically, RCr 9.54 states, "The instructions shall not make any reference to the defendant's failure to testify unless so requested by the defendant, in which event the court shall give an instruction to the effect that a defendant is not compelled to testify and that the jury shall not draw any inference of guilt from the defendant's election not to testify and shall not allow it to prejudice the defendant in any way."

8. Ky., 661 S.W.2d 473 (1983)

9. *Id.* at 474.

10. *Id.*

11. *See Young v. Commonwealth*, Ky., 50 S.W.3d 148, 171 (2001) (stating that such an instruction "would be pointless, where here, the jury had already found the defendant guilty *and was only deliberating the appropriate penalty*" (emphasis added)).

12. *Byrd v. Commonwealth*, Ky., 825 S.W.2d 272, 274 (1992).

13. *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).

process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."[14] In Kentucky, it "is not reversible error to conduct legal arguments between court and counsel outside the presence of the defendant."[15] Moreover, a defendant generally waives his right to be present during legal arguments if he does not object to these arguments being held where he is not present.[16]

In this case, Appellant remained in the courtroom while defense counsel discussed the motion for directed verdict and the jury instructions in the judge's chambers. As Appellant did not object, he waived his right to be present during these discussions. Moreover, he has not shown any prejudice from his absence. He suggests no changes he would have made to the instructions, nor any assistance he would have provided had he been present. Thus the legal discussion held in chambers outside his presence do not constitute reversible error.

■ Appellant's final claim is that the case should be remanded for a hearing to determine whether he knowingly and voluntarily waived his right to testify during both the guilt and penalty phases. In support of his request, he states that there is no evidence in the record indicating that he personally made the decision not to testify or that he agreed with defense counsel's strategy regarding such, and that a hearing is necessary to show that "[t]he

decision whether to testify [was] his, and his alone."

The right of a defendant to testify at trial is a fundamental constitutional right and is subject only to a knowing and voluntary waiver by the defendant.[17] The right to testify is personal to the defendant, and the defendant's relinquishment of that right must be knowing and voluntary.[18] Generally, a trial court does not need to address the voluntariness of a defendant's waiver *sua sponte* unless there are statements or actions from the defendant indicating disagreement with counsel or the desire to testify.[19]

In this case, Appellant was present during the guilt phase when the trial court asked if the defense intended to put on any proof. Appellant said nothing when defense counsel stated that no witnesses would be called. During the penalty phase, defense counsel called Appellant's mother to testify. Thus, Appellant was aware that witnesses could be called during the penalty stage, yet made no indication that he wished to testify. Thus, Appellant showed no desire to testify, and there is also no indication that he disagreed with defense counsel's strategy or was frustrated or prevented from testifying by defense counsel. Accordingly, no retrospective hearing is required.

For the foregoing reasons, we affirm Appellant's convictions and five year sentences for theft by unlawful taking over $300 and second degree escape but reverse the Appellant's first degree persistent felo-

14. *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

15. *Tamme v. Commonwealth*, Ky., 973 S.W.2d 13, 38 (1998)(*citing Parrish v. Commonwealth*, Ky., 472 S.W.2d 69, 71 (1971); *Thomas v. Commonwealth*, Ky., 437 S.W.2d 512 (1968)).

16. *Byrd* at 274; *Tamme* at 38.

17. *Rock v. Arkansas*, 483 U.S. 44, 49–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *United States v. Webber*, 208 F.3d 545 (2000).

18. *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir.1993).

19. *Riley v. Commonwealth*, Ky., 91 S.W.3d 560, 562 (2002); *Webber, supra.*

ny offender conviction and the enhanced sentences imposed as a result of the jury's PFO determination. We remand this case to the trial court to conduct a PFO/Truth in Sentencing proceeding at which Appellant will receive a no adverse inference instruction in the event he again elects not to testify.

LAMBERT, C.J., and COOPER, GRAVES, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.