**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH CORNETT, | No. 13-16174 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-04262-PJH |
| v. | |
| DOMINGO URIBE, JR., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted December 10, 2014
Submission Vacated December 11, 2014
Resubmitted June 23, 2015
San Francisco, California

Before: FISHER and PAEZ, Circuit Judges, and QUIST, District Judge.[**]

Joseph Cornett appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition. We have jurisdiction under 28 U.S.C. § 1291, we review de novo,

*see Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005), and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

1.  The California Court of Appeal reasonably applied clearly established federal law when it held the trial court's failure to give a requested no-adverse-inference instruction, in violation of Cornett's constitutional rights under *Carter v. Kentucky*, 450 U.S. 288 (1981), was nonstructural error. The court of appeal's conclusion was consistent with the decisions of this and other courts, *see United States v. Soto*, 519 F.3d 927, 930 (9th Cir. 2008); *Lewis v. Pinchak*, 348 F.3d 355, 358 (3d Cir. 2003); *United States v. Burgess*, 175 F.3d 1261, 1266-67 (11th Cir. 1999); *United States v. Brand*, 80 F.3d 560, 568 (1st Cir. 1996); *Finney v. Rothgerber*, 751 F.2d 858, 864 (6th Cir. 1985); *Richardson v. Lucas*, 741 F.2d 753, 754-55 (5th Cir. 1984), and was reasonable in light of *Chapman v. California*, 386 U.S. 18, 24 (1967), in which the Supreme Court held *Griffin* error is nonstructural.

2.  The district court also properly concluded the *Carter* error was not prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Under *Davis v. Ayala*, 135 S. Ct. 2187 (2015), we may grant relief only if the state court's harmlessness determination under *Chapman* "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded agreement." *Id.* at 2199 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) (internal quotation marks omitted). That standard is not satisfied here.

First, there was strong evidence of guilt, including Demaurie Williams' statement to the police, the gunshot residue on Cornett's hands and testimony by the victim and three of his friends implicating Cornett as the shooter. Anthony (Jordan) Murphy, the victim, thought the gunshot came from the front seat. Deon Glasper saw the driver making threats and flashing a gun. Shelby Green and Paul Smith both identified the driver as the shooter. Although there were inconsistencies in the testimony, the witnesses never wavered on their crucial testimony linking the driver to the gun and the shooting. Second, neither the prosecution nor the trial court commented on Cornett's failure to testify. Each side referred to the other's failure to call logical witnesses, but neither party drew the jury's attention to Cornett's decision not to take the stand. Third, Cornett's trial counsel presented a poor defense, failing to exploit the potential weaknesses in the prosecution's case. In sum, because we cannot say the California Court of Appeal applied *Chapman*'s harmless error standard in an objectively unreasonable manner, we affirm the denial of habeas relief. *See id.* at 2198.

**AFFIRMED.**