281 N.J. Super. 410 (1995)
658 A.2d 303
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN DAVIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 12, 1995.
Decided May 12, 1995.
*411 Before Judges GAULKIN, BAIME and KESTIN.
Susan L. Reisner, Public Defender, attorney for appellant (Brian P. O'Reilly, designated counsel, of counsel and on the letter-brief).
John Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
A jury found defendant guilty of third degree aggravated assault upon a police officer (N.J.S.A. 2C:12-1b(5)) and fourth *412 degree resisting arrest (N.J.S.A. 2C:29-2a). The trial judge imposed an extended term of seven years with a two year parole disqualifier on the conviction for aggravated assault and a concurrent twelve month sentence on the conviction for resisting arrest. This appeal followed.
We need not recount the facts at length. The jury could reasonably have found from the evidence that defendant assaulted Long Branch police officer Dennis Smentkowski as the officer attempted to arrest him on an outstanding warrant. Thomas Clancy, a taxi driver, summoned Smentkowski to assist him in a dispute with defendant about a fare. Smentkowski recognized defendant and knew there was an outstanding warrant for his arrest. The officer, who was in uniform and on patrol, attempted to follow defendant into a nearby convenience store. Upon observing Smentkowski, defendant kicked the door into the officer's body. After regaining his balance, Smentkowski grabbed defendant and announced he was under arrest. Defendant then struck the officer several times and attempted to reach for Smentkowski's gun. After a brief struggle, defendant escaped but was arrested the next day. It is against this factual backdrop that we consider defendant's contentions.
Defendant argues (1) he was deprived of his constitutional right to be present at trial, (2) plain error was committed by the trial judge's failure to instruct the jury on "attempted" aggravated assault, (3) the trial judge erroneously refused to charge the jury on simple assault, (4) the convictions for aggravated assault and resisting arrest should have been merged, and (5) the sentence was excessive. Only one of these contentions requires extended discussion  that dealing with defendant's failure to appear at trial.

I.
Unfortunately, the truncated record contains only scanty facts regarding the trial judge's decision to proceed with trial in the defendant's absence. The case was apparently scheduled for trial on a Monday. Despite a written notice that was sent to defendant's *413 address, defendant did not appear. Because defendant's attorney was engaged in another case, the trial was rescheduled for that Thursday. Again, defendant failed to appear.
On the morning of the trial, defense counsel told the trial judge that he had spoken with defendant's mother the night before and she claimed he had never received the written notice. The attorney added that defendant's mother promised to convey the message to the defendant. He noted that defendant's girlfriend later confirmed to him that defendant had received the information and "was on his way" to court.
Based upon these facts, the trial judge decided to proceed in absentia. Defendant was arrested on a bench warrant and appeared on the last day of trial. No inquiry was made respecting his prior failure to appear. Defendant failed to move for a new trial, and thus our knowledge of the circumstances surrounding his absence is gleaned from this brief and sketchy colloquy between the trial judge and defense counsel.
The right of the accused to be present in the courtroom at every stage of the trial is an essential ingredient of our organic law. See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, reh'g denied, 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970); Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); State v. Smith, 29 N.J. 561, 150 A.2d 769, cert. denied, 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103 (1959). However, a defendant may knowingly and voluntarily waive his constitutional right to be present at trial. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); United States v. Tortora, 464 F.2d 1202 (2d Cir.), cert. denied sub nom. Santoro v. United States, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). In State v. Hudson, 119 N.J. 165, 574 A.2d 434 (1990), our Supreme Court held that "a defendant's inexcusable absence from trial, under circumstances demonstrating knowledge of the time and place of trial ... constitutes a sufficient basis for a trial *414 court's decision to proceed." Id. at 183, 574 A.2d 434; see also State v. Butler, 278 N.J. Super. 93, 650 A.2d 397 (App.Div. 1994).
Several rule changes followed in the wake of the Court's opinion in Hudson. See generally, Report of the Supreme Court's Criminal Practice Committee, 130 N.J.L.J. 558 (1992). R. 3:9-1 as amended requires the judge to inform the defendant at arraignment of his right to be present at trial and the consequences of his failure to appear, including the possibility that the trial will take place in his absence. Other amendments relate to a defendant's express or implied waiver of his right to be present at trial. R. 3:16 originally distinguished between a defendant absent before trial has begun, and one who leaves after commencement of the proceedings, permitting an implied waiver in the latter circumstance but not the former. Consistent with Hudson, that Rule was amended to permit a waiver both before and after the commencement of the trial. In its present form R. 3:16 reads as follows:
The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule. Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice in court that his or her trial will commence that day, or on the next court date, or (2) trial has commenced in defendant's presence. A corporation shall appear by its attorney for all purposes. The defendant's presence is not required at a reduction of sentence under R. 3:21-10.
Finally, perceiving that factual questions might arise concerning whether an accused validly waived his right to be present, the Court amended R. 3:20-2 to require that a defendant's motion for a new trial be made prior to sentencing if it is based on a claim that his failure to appear was not voluntary and knowing.
We quickly dispose of several preliminary points. First, although the record before us does not contain a transcript of the arraignment, we assume that the judge complied with R. 3:9-1 and that defendant was advised of the consequences flowing from a failure to appear at trial. Second, although defendant did not *415 move for a new trial as required by R. 3:20-2, we choose to address his contention that his constitutional rights were violated.
Our focus is on R. 3:16. Read literally, R. 3:16 authorizes an implied pretrial waiver of the right to be present only in the event of a "knowing, voluntary, and unjustified absence" where the defendant has received "actual notice in court" of the scheduled trial date. We have underscored the phrase "actual notice in court," because the record here indicates that notice of the scheduled trial date was mailed to the defendant and apparently was not directly communicated to him by the trial judge.
We nevertheless conclude that a defendant may waive his right to be present if he voluntarily and knowingly fails to appear after receiving actual notice of the trial date, even if such notice is not received in court. See State v. Hudson, 119 N.J. at 182-84, 574 A.2d 434. Although communication of the trial date to the defendant in court should be the prevailing practice, we note that trial dates are often rescheduled by consultation between judge and counsel in the absence of the defendant. A rule requiring direct communication to a defendant in court of all trial dates would allow the accused to delay proceedings indefinitely by simply failing to appear.
In order to guard against such intolerable defiance of the judicial system, several courts have adopted the rule that "the defendant may be deemed to have been advised of a trial date once it is communicated by the judge to his lawyer." See United States v. Sanchez, 790 F.2d 245, 249 (2d Cir.), cert. denied, 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986); Finney v. Rothgerber, 751 F.2d 858 (6th Cir.), cert. denied, 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 310 (1985); Smith v. Kelly, 664 F. Supp. 131, 134 (S.D.N.Y. 1987). While an attorney undoubtedly has the duty to inform his client of all scheduled proceedings, our rules and earlier decisions require that defendant actually be notified of the trial date.
*416 We hold that in order to sustain a waiver of the right to be present, it must be shown the trial date was actually communicated to the defendant and the accused unjustifiably failed to appear. State v. Hudson, 119 N.J. at 182-84, 574 A.2d 434. Moreover, the right cannot cursorily, and without inquiry, be considered waived by the trial judge simply because the accused does not appear on the date set for trial. The trial judge should attempt to learn where the defendant is and why he is absent and make appropriate factual findings.
As we noted earlier, the record before us does not permit an informed judgment as to whether the defendant received actual notice of the scheduled trial date. Resolution of this issue requires further inquiry and a more complete development of the facts. We thus remand the matter to the Law Division for a hearing on the question. Should the trial judge find that defendant actually received notice, but unjustifiably failed to appear, the convictions shall stand. Conversely, should the trial judge find that notice was not actually received, or if it was received, defendant's ensuing absence was justifiable, the convictions should be vacated and a new trial granted.

II.
Defendant's remaining arguments clearly lack merit. R. 2:11-3(e)(2). There was no rational basis in the evidence for the trial judge to instruct the jury on "attempted" aggravated assault or simple assault. The convictions for aggravated assault upon a police officer and resisting arrest do not merge. See State v. Battle, 256 N.J. Super. 268, 283, 606 A.2d 1119 (App.Div.), certif. denied, 130 N.J. 393, 614 A.2d 616 (1992). Although the trial judge "double-counted" the fact that the victim was a police officer, see State v. Yarbough, 100 N.J. 627, 645, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), we are satisfied that this error had no impact on the quantum of the sentence imposed or on the term of parole ineligibility.
*417 Accordingly, the matter is remanded to the Law Division for further proceedings consistent with this opinion. We do not retain jurisdiction.