688 A.2d 658

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. SHAWN
BENARD MAHONE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 14, 1997—Decided February 20, 1997.

Before Judges PRESSLER, STERN and HUMPHREYS.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Jeannie K. Phillips*, Designated Counsel, of counsel and on the brief).

*Edward M. Neafsey*, Assistant Attorney General, Acting Union County Prosecutor, attorney for respondent (*Steven J. Kaflowitz*, Senior Deputy Attorney General, Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

Tried *in absentia* defendant was convicted of burglary, *N.J.S.A.* 2C:18–2 (count one), and attempted theft, *N.J.S.A.* 2C:5–1, 2C:20–3 (count two). He was sentenced to two consecutive five-year terms in the custody of the Commissioner of Corrections and to pay monetary assessments for those offenses and two non-indictable convictions entered by the trial judge as fact-finder.

■ On this appeal, defendant argues, among other things, that "the trial court erred in trying the defendant *in absentia* by depriving him of his due process and common law right to fair proceedings and violating *R.* 3:16." We agree that the convictions must be reversed because of the trial *in absentia* and remand for a new trial.

It is undisputed that defendant, then an inmate of the Union County Jail, was in court on March 13, 1995 and notified at that time of the June 12, 1995 trial date. According to defense counsel's uncontested certification in support of his unsuccessful motion for leave to appeal filed on June 6, 1995:

3. During the week prior to June 5, 1995, [the trial j]udge rescheduled Mr. Mahone's trial from June 12, 1995 to June 5, 1995, one week earlier. [The judge]

discussed the matter with myself and ASSISTANT PROSECUTOR CAROL BERGER (hereinafter Ms. Berger). At the time, I was under the impression that Mr. Mahone was still incarcerated in the Union County Jail.

4. On Friday, June 2, 1995, I attempted to visit Mr. Mahone in the Union County Jail and determined he was not housed there. I informed [the judge] and Ms. Berger that Mr. Mahone was no longer in the Union County Jail. That same day I asked my secretary, DEBRA KACHNOWSKI (hereinafter Ms. Kachnowski) to determine whether Mr. Mahone was incarcerated and, if not, to contact him by telephone and inform him of the new court date.

5. Later that day, Ms. Kachnowski informed me that Mr. Mahone was not incarcerated and that she had informed him by telephone of the court date.

6. On Monday, June 5, 1995, Mr. Mahone did not appear in Court. I requested that this matter begin trial as originally scheduled [on June 12, 1995]. [The judge] informed me that he intended to conduct Mr. Mahone's trial in absentia.

The secretary of defendant's attorney further certified:

2. On Friday, June 2, 1995, Douglas T. Kabak, Assistant Deputy Public Defender, an attorney employed in the Union Region, requested that I call the Union County Jail and State Classification to determine whether or not the above defendant, Shawn Mahone, was incarcerated. He also informed me that if Mr. Mahone was not incarcerated, I should try to reach him by using two phone numbers listed on our file jacket and advise him to be in court on Monday, June 5, 1995 before [the trial judge] at 9:00 a.m. dressed and ready for trial.

3. Mr. Mahone was not, in fact, incarcerated and I was able to reach him by telephone on Friday afternoon, June 2, 1995. A male answered the phone and identified himself as Shawn Mahone. I identified myself and advised him that he was required to appear in court on June 5, 1995 and not on June 12, 1995. Mr. Mahone asked why he had to appear in court on June 5, 1995 and I advised him that the Judge wanted to move his trial up. I then advised him that he had to appear before [the judge] at 9:00 a.m. and to be dressed and ready for trial.

The trial commenced on June 6, 1996, and the trial judge placed on the record his similar version of what had occurred:

As of late last week we were looking for a case to try in the beginning of this week and this case was selected, among others. The other case fell through. At the end of last week Mr. Mahone was contacted by Mr. Kabak's secretary who advised him, who spoke to an individual identifying himself as Shawn Mahone, and who was advised that he was supposed to be on trial this week.

Additionally, we didn't start this case yesterday [June 5, 1995] when Mr. Mahone didn't show up. We gave Mr. Kabak an opportunity to locate Mr. Mahone.... He spoke to Mr. Mahone's mother last night who said he no longer lived at that number, but was someplace in Newark. He asked her if she saw him to make sure he comes to court today.

We denied leave to appeal from the trial judge's decision to try defendant *in absentia* commencing on June 6, 1995. However,

contrary to the suggestion in the record before the trial commenced later that day, our disposition did not uphold or authorize the trial *in absentia*. The denial of leave to appeal is not a disposition on the merits.

*R.* 3:16(b) implements the constitutional right of a defendant to be present at trial. It provides:

> (b) At trial or post-conviction proceedings. The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule. Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice *in court* of the trial date, or (2) trial has commenced in defendant's presence. [Emphasis added.]

There is no question that defendant had notice of the June 12, 1995 trial date, and he could have been tried *in absentia* had he not appeared that day or on a subsequent date fixed at that time.

In *State v. Finklea*, 147 *N.J.* 211, 686 *A.*2d 322 (1996), our Supreme Court recently re-examined *R.* 3:16(b) and held "that once a defendant has been given actual notice of a scheduled trial date, non-appearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial absent a showing of justification by the defendant." 147 *N.J.* at 213, 686 *A.*2d 322. There, the Supreme Court upheld defendant's trial *in absentia* concluding that, because Finklea had notice of the original date and could have been tried then, he could similarly be tried on the date to which the matter was adjourned when defendant did not appear. Thus, defendant did not have to be re-notified before trial. Speaking through Justice Coleman, the Court concluded that:

> Where, as here, the record reflects that a defendant was informed in court of the time and place of trial, and he or she fails to appear and also fails to file the appropriate motion [under *R.* 3:20-2 for a new trial prior to sentencing] challenging the waiver, the failure to make the appropriate motion before the trial court constitutes a second waiver pursuant to *Rule* 3:16(b).

> [*Id.* at 220–21, 686 *A.*2d 322.]

*Finklea* is a logical extension of *State v. Hudson,* 119 *N.J.* 165, 574 *A.*2d 434 (1990), which held that a defendant's failure to appear for trial after receiving notice of the trial date constituted a waiver of the right to be present. In *Hudson,* the defendants were told to return to court the same afternoon for jury selection, but did not do so. The trial proceeded *in absentia,* and the Supreme Court affirmed the convictions because defendants had been clearly advised of the time and place of trial. *Id.* at 183, 574 *A.*2d 434. And as Justice Stein wrote, "a defendant's knowing, voluntary, and unjustified absence before or after trial has commenced does not prevent trial from proceeding *in absentia."* *Id.* at 182, 574 *A.*2d 434; *see also State v. Butler,* 278 *N.J.Super.* 93, 101, 650 *A.*2d 397 (App.Div.1994) (upholding trial *in absentia* because "defendant had notice of his scheduled trial date since he was at the [pretrial] hearing conducted four days prior to trial" when the trial date was set; "defendant's knowledge of the trial date, coupled with his failure to show up for trial, indicates a waiver of his right to be present at trial").

This case is unlike *Hudson* where the defendants received notification of the actual time the trial was to begin and unlike *Finklea* in which a defendant similarly did not appear for the trial date of which he received actual notice from the court. Here, the trial date was accelerated to a date in advance of the day on which defendant was directed to be present by the judge.

We do not conclude that a defendant can never be deemed to have waived his right to be present at trial if he doesn't respond to his attorney's call. But if the trial date is to be flexible, and defendant is to "stand by" and respond to such a call so that he need not repeatedly come to court and receive notice there, that fact must be developed on the record with the defendant present. A defendant cannot be tried *in absentia* because he does not respond on short notice to a call from his attorney's office to report prior to the date he was told to do so by the judge, unless such notice was itself developed on the record "in court." *R.* 3:16(b)(1).

Here, the trial judge relied on *State v. Davis*, 281 *N.J.Super.* 410, 658 *A.*2d 303 (App.Div.), *certif. denied*, 145 *N.J.* 376, 678 *A.*2d 716 (1996), where a written notice was sent to defendant. There, defendant did not appear on the noticed date, but the matter was adjourned because counsel was otherwise engaged. As in *Finklea*, the trial *in absentia* commenced on the adjourned date. We noted in *Davis* that defendant's girlfriend confirmed to his attorney that defendant received notification of the adjourned date and " 'was on his way' to court," *id.* at 413, 658 *A.*2d 303, and, thus, remanded to develop the record to permit "an informed judgment as to whether the defendant received actual notice of the scheduled trial date." *Id.* at 416, 658 *A.*2d 303. Moreover, we held "that in order to sustain a waiver of the right to be present, it must be shown the trial date was actually communicated to the defendant and the accused unjustifiably failed to appear." *Id.* at 416, 658 *A.*2d 303.

Here, there was neither a personal direction by the court to the defendant to be present on the actual trial date nor acknowledgment by defendant on the record of a procedure whereby he would remain on call, and the trial date was accelerated. This is not a case where defendant could have been advised of an adjourned or rescheduled date when he arrived for trial on the noticed date, and the record does not indicate he was advised by the judge at a pretrial proceeding that he could be called back to court sooner than the date he had been given. "Adequate notice to the defendant is an essential element of a knowing waiver of the right to attend trial." *Hudson, supra*, 119 *N.J.* at 182, 574 *A.*2d 434.

As *Finklea* points out, *R.* 3:20–2 was amended in 1992 in light of *State v. Hudson* to expressly permit a defendant to challenge an unwarranted finding of waiver of the right to be present and trial *in absentia. Rule* 3:20–2 provides that "[a] motion for a new trial based on a claim that the defendant did not waive his or her appearance for trial shall be made prior to sentencing." Here, there was no such motion, and the absence of

such a motion may normally support the finding of waiver under *R.* 3:16(b). Moreover, the presentence report reflects that a bench warrant was issued for defendant's arrest on June 7, and that defendant was arrested on June 24, 1995. We, therefore, will presume that he did not appear on June 12, 1995, the originally scheduled trial date. However, on the record before us that non-appearance does not constitute a knowing or voluntary waiver of his appearance at trial the prior week, especially where the record does not reflect that before the trial was commenced the court gave defendant either actual notice of the new trial date or notification that he had to be prepared to respond to an earlier call from his attorney. Accordingly, the judgment of conviction must be reversed.

We need not address defendant's other contentions, including the claim that the charge on identification was inadequate. We presume that at the retrial, the trial judge will give an appropriate instruction on the issue.

The convictions are reversed, and the matter is remanded to the Law Division for a new trial.[1]

---

[1] The trial judge found defendant guilty of only two non-indictable offenses (possession of marijuana and possession of burglary tools) before the jury returned its verdict. He "dismissed" the third non-indictable (a charge of "property damage") at the time of sentencing, and the judgment so provides. However, the presentence report states "[a]ccording to Court documents, the defendant was found not guilty by Court Trial on Chg. 1 of W904857. Promis Gavel reflects that the defendant was found guilty of Chg. 1 of W904857." We will allow the parties to address the jeopardy consequences of the first disposition of this offense on the remand.